UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TERRI E. BAKER, et al.,

    Plaintiffs,

v.

RANDALL D. WATSON, KANSAS
COMMISIONER OF EDUCATION, et al.,

    Defendants.

Case No. 5:23-cv-04022-TC-TJJ

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Protective Order (ECF No. 55). Defendants request entry of a protective order prohibiting the parties and their counsel from disclosing confidential documents, and the information contained therein, in order to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation. In support of their Motion, Defendants state they anticipate discovery from Plaintiffs seeking the production of certain student records and student data in this proceeding. They have submitted their proposed protective order limiting their designation of confidential information to "the education records of minor children." The proposed protective order further defines "educational records" as follows:

> Educational records means the type of records covered under the definition of "educational records" in 34 CFR Part 99 of the regulations implementing the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232g (FERPA) and the Kansas Student Data Privacy Act, K.S.A. 72-6312 through 72-6320.[1]

Plaintiffs object to including in the definition of "educational records" records covered

---

[1] Defs.' proposed protective order (ECF No. 55-1) at 2.

under the Kansas Student Data Privacy Act, K.S.A. 72-6312 through 72-6320. They argue including records covered by this Kansas statute in the protective order would invoke its statutory requirements for disclosure of student data into document production. Plaintiffs do not want to agree to the necessity of a subpoena or court order in order to receive requested records.

The Court finds Defendants have shown good cause for entry of a protective order limiting the disclosure, dissemination, and use of "education records of minor children." Defendants have further shown they are educational entities subject to the provisions of the Family Educational Rights and Privacy Act (FERPA), (20 U.S.C. § 1232g; 34 CFR Part 99), as well as the Kansas Student Data Privacy Act, K.S.A. 72-6312 through 72-6320.  Defendants' proposed definition of "educational records," which includes records covered by FERPA and the Kansas Student Data Privacy Act, would therefore be appropriate. Plaintiffs' objection to the inclusion of records covered under the Kansas Student Data Privacy Act, K.S.A. 72-6312 through 72-6320, in the definition of "educational records" is overruled. The inclusion of records covered by this statute in the protective order will not change Defendants' statutory duties for disclosure under the Kansas Student Data Privacy Act. Those duties will exist regardless of entry of the proposed protective order. Furthermore, for clarification, the protective order, in the form proposed by Defendants, does not constitute a "court order" directing the disclosure of "student data" under K.S.A. 72-6314(e)(4).

The Court will therefore grant Defendants' Motion for Protective Order and enter the protective order proposed by Defendants, but with revisions clarifying the type of records covered by (1) FERPA are under the definition of "education records," (not "educational

records")[2] and (2) the Kansas Student Data Privacy Act are under the definition of "student data" in K.S.A. 72-6313(h).

**IT IS THEREFORE ORDERED** that Defendants' Motion for Protective Order (ECF No. 55) is granted in part and denied in part. The Court will enter Defendants' proposed Protective Order revised consistent with this Memorandum and Order.

IT IS SO ORDERED.

Dated August 28, 2023, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[2] *See* 20 U.S.C. § 1232g(a)(4)(A) ("For the purposes of this section, the term "<u>education</u> records" means . . .) (underlining added).