UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Baker et al | Plaintiffs, | Case No. 5:23-cv-04022-TC-TJJ |
| v. | | Plaintiffs' Opposition to Motion for Judgment |
| Watson et al | Defendants | |

**Objections to Incomplete Record and
Opposition to Defendant's Motion for Judgment**

**Objections to Incomplete Record**

Defendant Shmidt contends in his motion that the Administrative record is comprised of exhibits 1-6. But that is factually incorrect. Defendant Schmidt omitted the emails that were a part of the administrative record. ECF 14 (which is exhibit A to the Amended Complaint) contains the 120 pages of emails referenced by the ALJ which was attached to the complaint. Plaintiffs have attached email chains between the parties waiving the resolution meeting which is pertinent to defendant Schmidt's motion. Defendant Watson would know that the record is more than what was asserted.

**Opposition to Defendant Schmidt's Dispositive Motion**

The defendant's "Motion for Judgment on the Pleadings" is not connected to any specified Federal Rule. It is a dispositive motion on one Count and the plaintiffs suggest it should be construed akin to a motion to dismiss. The plaintiff's reserves the right to file a motion for summary judgement on Count VII.[1]

---

[1] *See L.B. v. Nebo Sch. Dist.*, 379 F.3d 966, 974 (10th Cir. 2004) (acknowledging that

**Defendant Schmidt Refused to Learn and Be Informed and Never Informed Complainant Prior to the Resolution Meeting Waiver**

The defendant Schmidt contended that the due process complaint could not be sufficiently comprehended for Blue Valley to respond.  But Kansas provided Schmidt an open avenue to discover and have explained to it that complaint and the facts that form its basis.  It is called a "resolution meeting."  K.S.A. 72-3416; K.A.R. 91-40-28.  Attached is an April 4, 2023, email chain with defense attorney Bowman providing notice of a resolution meeting.  The defendant Schmidt never gave notice of this purported lack-of-understanding position prior to this notice.  The "purpose of this meeting is for the parent of the child to discuss and explain the complaint, including the facts that form the basis of the complaint. The school then has an opportunity to resolve the complaint."[2]  This process contemplates the agency receiving a "description" not limited to the words on a form.  But unless the school informs the complainant that it thinks it lacks sufficient knowledge, the complainant labors under a misconception that the school has sufficient knowledge.

To be clear, the resolution meeting plays a vital role in providing the agency an opportunity to understand the complaint and the underlying facts.  Yet Schmidt never availed himself of this opportunity.[3]  Why would Schmidt waive the resolution

---

some IDEA claims will not fit into "the typical summary judgment standard").

[2] This resolution meeting appears to be a way to supplement orally the meaning of the complaint and its facts.  Its purpose is to avoid surprise to the complainant (that the agency claimed inability to respond or confusion) and to provide the agency with an oral discovery vehicle akin to contention interrogatories.

[3] In other words, Schmidt should have said: "No, we don't waive because we don't understand your complaint and the facts.  We need this resolution meeting in order for you to explain that to us." Instead, Schmidt laid in the weeds. The complainant

meeting when it is for his benefit? Instead, he sat on his hands in silence letting this opportunity of learning pass him by. This was his own self-serving and self-inflicted ignorance. In waiving the resolution meeting, and particularly when he did not inform the complainant of his purported inability to understand, Schmidt should not be permitted in fairness to then file a subsequent motion claiming confusion or ignorance. The defendant acted not in good faith and then misled the complainant by his silence that Schmidt intended to claim he couldn't understand the complaint or its facts. Complainant could not have knowingly waived the resolution meeting without the knowledge that Schmidt notify the complainant of his issues with the complaint. Good faith would require Schmidt to notify the complainant of the issues raised in his motion prior to the resolution meeting deadline. That knowledge would be vital for the parties to avail themselves of the benefit of clarification and explanation. The complainant had no idea of Schmidt's issues and no prior notice that Blue Valley was going to claim the complaint was unclear. So because there was no communication from Blue Valley indicating this prior to the resolution meeting, the complainant waived the necessity of this resolution meeting. Good faith would also require defense counsel an obligation to inform the complainant that the defendant Schmidt did not understand the complaint. Under Schmidt's interpretation, he had an obligation to notify the complainant of this resolution meeting but at the same time could remain silent as to informing the complainant of

---

would not know that position unless Schmidt informed the complainant prior to the resolution meeting waiver.

the agency's need for a resolution meeting to have the complaint explained to him. That is not good faith and manipulates due process for complainant.  Had defense counsel informed the complainant that Blue Valley would contend the complaint was deficient, the resolution meeting would not have been waived by complainant and the meeting would have occurred in which to educate Schmidt on the issues and its facts. The complainant had no notice that Schmidt was or would complain her complaint was vague which, after the agreement to waive, Blue Valley then filed the very next day on April 5, 2023, its motion.  The defendant Schmidt manipulated the due process in an unfair manner that was to be afforded to the complainant. Schmidt unfairly gamed the process by laying in the weeds giving complainant the false impression that there was no need for the resolution meeting.

## Standard of Review

The Tenth Circuit applies a "modified de novo review" which requires the district court to "independently review the evidence contained in the administrative record, accept and review additional evidence, if necessary, and make a decision based on the preponderance of the evidence, while giving 'due weight' to the administrative proceedings below." *Murray v. Montrose Cty. Sch. Dist. RE-1J*, 51 F.3d 921, 927 (10th Cir. 1995).  Questions of law are de novo.  *Id.*  This standard varies in application depending on the issues being reviewed.  If the issues do not require educational expertise, this Court should give less weight to the reviewing officer's determinations.  *See Burilovich v. Bd. of Educ. of Lincoln Consol. Schs.*, 208 F.3d 560, 567 (6th Cir. 2000) ("less weight is due to an agency's determinations on matters for

which educational expertise is not relevant, so that a federal court would be just as well suited to evaluate the situation"). Weight is impacted by whether the administrative findings are "thorough and careful" as to demonstrate "sensitivity to the complexity of the issues." *Capistrano Unified Sch. Dist. v. Wartenberg,* 59 F. 3d 884, 891 (9th Cir. 1995). Defendant Schmidt refers to a "simple pleading requirement" but the statutory and regulatory framework provides none.[4] Schmidt understandably does not define it or cite to any authority for it. Overall, the HO and the ALJ interpreted the statute primarily as a fact-pleading jurisdiction.[5] The statute does not provide any pleading standard in that regard but contemplates laypersons "parents" would be completing the model form. And it is not notice of a "claim" but notice of a "description" to a "problem."[6] Whether the complaint with its attached exhibits provided notice of the nature of the problems and the facts is a legal determination.

---

[4] Federal pleading analysis should apply in this matter. This Court is not bound by Kansas forms or procedures in determining due process and pleading requirements. *See Los Lobos Renewable Power, LLC v. Americulture, Inc.,* 885 F.3d 659, 668 (10th Cir. 2018). *See also Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 419 (2010) (Federal Rule of Civil Procedure "answers the same question" raised by the state law).

[5] The ALJ also improperly heightened pleadings to a "clear requirement" as though the parent is required to plead a problem with particularity. The ALJ also heightened the requirement of "facts that form the basis of the complaint" to a "clear factual basis." Those particularity requirements do not appear from the statute or regulation and are all *ad hoc*.

[6] Note also that the form rewrites K.S.A. 72-3415 from "description of the nature of the problem" to "description of each problem" and then rewrites "facts that form the basis of the complaint" to "facts related to each problem."

The two fundamental issues contained in the due process complaint concerned: (1) the denial of FAPE based upon Blue Valley's masking policy and refusing to enroll S.B. into the school system to obtain FAPE and the repeated unilateral termination of S.B.'s enrollment status ("disenrollment"); and (2) the denial of FAPE by Blue Valley conditioning FAPE to the unconstitutional conditions contained in K.S.A. 72-3463. To the first a due process hearing officer (HO) could provide relief; to the latter not so because the HO possesses no authority to declare the statute unconstitutional. As to the first issue the ALJ acknowledged the complaint concerned "enrollment difficulties" but made no ruling as to Blue Valley's authority to take any of its actions. Both issues are legal matters requiring no educational expertise. As to the latter constitutional issue, the ALJ held he could not provide relief on that. The Court is in a position to make these determinations more so than the ALJ. This Court is also in a position to determine whether the due process complaint and its "additional pages" sufficiently provided a "description of the nature of the problem and the facts that form the basis of the complaint."

**Attachments Were Considered and Should Now Be Considered**

The defendant contends attachments cannot be a part of the administrative record. Kansas statute and regulations do not require that result. Irrespective, the ALJ did consider those attachments: the "Parents' Notice of Parent's Request for Special Education Due Process Hearing is eight (8) pages, with 120 pages of attached emails. The parents also reference a 36-page Federal Complaint as part of their request." "The ALJ has reviewed the record provided by the District and the parents."

6

The ALJ examined the federal complaint yet determined by implication that Complaint was deficient. ALJ p.3. Defendant Schmidt repeated the argument in his motion for more definite statement which this Court denied. ECF 19. The ALJ's ruling contradicts ECF 19. The due process complaint with its attachments provided sufficient notice to Blue Valley, the hearing officer, and the ALJ.

## K.S.A. 72-3430 Model Form

K.S.A. 72-3430 states that the "state board shall develop a model form to assist parents in filing a complaint and due process complaint notice." The plaintiff Ms. Baker used the model form provided by the state board which provides for "additional pages if necessary." There is nothing in the model form (nor in K.S.A. 72-3415) that the description of a problem and facts cannot come from actual documents attached to the form. The descriptions given in that complaint referenced those emails. There is no reason to interpret this administrative rule more strictly than the federal pleading analysis. Under federal analysis, the Court may consider materials attached to or necessarily embraced by the complaint or matters of public record. And Schmidt's motion should not have been granted because it was not demonstrated that the complainant could "prove no set of facts in support of his claim which would entitle him to relief." *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997). Complainant has demonstrated a set of facts showing she enrolled S.B. to receive FAPE, Schmidt repeatedly terminated that enrollment without prior notice denying FAPE, and continues to refuse to allow S.B. to be enrolled to receive FAPE.

**The Underlying Rulings Were Substantively Jurisdictional in Nature**

The reasons provided by the HO and ALJ, when examined closely, do not support any incomprehensible pleading defect: rather they reflect jurisdictional rulings – the relief requested could not be afforded.  And to be clear, the HO articulated his understanding of the issues:

- The remaining problems listed 3 through 6 identified and numbered in the Request for Special Education Due Process Hearing, appear to be legal arguments focused on the issues that are more proper to be before the US District Court.  It is clear the parents have views that are not in agreement with the emergency regulations that were put in place for public safety and the laws and procedures adopted regarding Special Education in the State of Kansas.

The HO and ALJ cannot have it both ways. Here, they both articulate an understanding yet the HO eschews his obligation to "sort out the issues that they have control over and what is controlled by laws other than IDEA."  That is not an issue of sufficient description and facts of a "problem" but one of performing the job of an HO.  At its base the HO proffered an erroneous principal: when issues are intermingled in a due process complaint in which the HO cannot provide relief with other issues that can be this combination is fatal to a due process complaint.  But that is precisely what the HO and ALJ are purposed to do. The statute does not permit the HO to abdicate that responsibility.  It cannot follow that the intermingling of problems in which relief can be granted with those that cannot then is fatal to the entire complaint.  The ALJ's rulings were also substantively jurisdictional in nature – not because he did not understand the problems but because he too thought the problems were beyond his jurisdiction. The ALJ not only understood the federal complaint regarding the allegations about K.S.A. 72-3463 but after examining ruled

8

that "administrative agencies are not empowered to decide constitutional questions." That is a concession of notice of a problem and facts. The ALJ further understood the allegations regarding masks and the parents "confusion and difficulties in enrolling S.B. in his District school." It wasn't that the ALJ didn't understand – rather the ALJ concluded that what Ms. Baker alleged was not "within the jurisdiction of a Special Education Due Process request." Equally applicable was the analysis by the HO: "having reviewed the Complaint it does not appear it adds anything that would aid in this matter. These appear to be issues that are not within the jurisdiction of a Due Process Hearing Officer." These are de novo questions that the Court can independently review based upon the evidence. The complaint was not dismissed because it was incomprehensible but because the ALJ erroneously concluded there was no relief available. The ALJ could have afforded relief in declaring FAPE was denied when Blue Valley refused to enroll S.B. and then repeatedly and unilaterally terminated that enrollment status without prior notice to the parents. The hearing officer and ALJ construed this procedure as a one-strike-and-you're-out pleading procedure. The statutory framework contemplates a motion claiming the complaint doesn't contain the description of the problem and facts similar to the vague or ambiguous allegation or a Federal Rule 12 motion. The statutory framework does not provide an opportunity to the complainant to even oppose that motion. That robs the complainant of due process and shuts the complainant out of the process. And when examined, the statute requires "notice" from the hearing officer but does not demand immediate dismissal.

K.S.A. 72-3415(3) provides that within five days the "hearing officer shall make a determination of whether the notification meets the requirements of subsection (b)(2) and shall immediately notify the parties, in writing, of such determination." But that notification does not require immediate dismissal when viewed in the statute's entirety. With no opportunity to oppose the motion leave to amend is not afforded as well. Under the HO and ALJ's interpretation, the complainant is shut out of the process after being given notice by the school, then the complainant gets notice of the deficiency for the first time within 5 days and then has the complaint dismissed. End of story. Once dismissal, there is no motion for reconsideration possible. *See Beer v. USD 512 Shawnee Mission*, No. 21-CV-2365-DDC-TJJ, 2023 WL 1592179 (D. Kan. March 17, 2023) (no authority for reconsideration). Thus the statute and the manner in which the HO and ALJ applied it denied due process and an opportunity to be heard. Relief could have been afforded resulting from the refusal of Blue Valley to provide FAPE without masking S.B. and then to enroll – and keep enrolled – S.B. so that he could receive FAPE. The defendant's Schmidt's motion for judgment should be denied and the matter further considered upon motion for summary judgment.

| | |
|---|---|
| /s/Linus L. Baker KS 18197<br>6732 West 185th Terrace<br>Stilwell, Kansas 66085<br>Telephone:    913.486.3913<br>Fax:              913.232.8734<br>Email: linusbaker@prodigy.net<br>Attorney for the plaintiffs | CERTIFICATE OF SERVICE<br><br>On this 18th day of September, 2023, the above document was filed with the Court's CM-ECF system which will provide notice to all counsel of record.<br><br>/s/Linus L. Baker<br>Linus L. Baker |