UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BAKER, ET AL.,**<br><br>**Plaintiff,**<br><br>v.<br><br>**WATSON, ET AL.,**<br><br>**Defendants.** | **Case No. 5:23-CV-04022-TC-TJJ** |

### MEMORANDUM AND ORDER

Plaintiffs filed this case on April 3, 2023, designating Topeka, Kansas, as the place of trial. In accordance with the Scheduling Order, on September 15, 2023, Defendant Mark Schmidt filed a Motion for Change of Trial Location to Kansas City, Kansas.[1] Defendant contends trial in this case should be held in Kansas City rather than in Topeka because, with the exception of one party, all the parties and their counsel reside in the Kansas City area, making it more logical and convenient for trial than Topeka. Plaintiffs argue trial should take place in Topeka as originally designated because Defendant has not met his burden of proving that the factors governing change of trial location "strongly favor" a transfer from Plaintiffs' chosen forum. Plaintiffs also argue that the parties' counsel have shown themselves able to travel to Topeka for a status conference and further that the nature of the action connects it to the Kansas state capital. For the reasons explained below, Defendant's motion is denied without prejudice.

---

[1] ECF No. 76

1

I.     **Legal Standards**

Under D. Kan. Rule 40.2(e), "[t]he court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion." In considering motions for intra district transfer, the courts of this district look to the factors relevant to change of venue motions under 28 U.S.C. § 1404(a). [2] Under this statute, "a district court may transfer any civil action to any other district or division where it might have been brought" for the convenience of parties and witnesses. [3] Additionally, 28 U.S.C. § 1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

Section 1404(a) gives "a district court broad discretion in deciding a motion to transfer" on a "case-by-case" basis.[4] In evaluating a transfer under 28 U.S.C. § 1404(a), the Court considers five factors: (1) the plaintiff's choice of forum; (2) convenience of witnesses; (3) accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) "all other considerations of a practical nature that make a trial easy, expeditious, and economical."[5] The plaintiff's choice of forum should not be disturbed unless the balance weighs strongly in favor of transfer [6] and the moving party bears the burden of proving that the existing

---

[2] *See, e.g.*, *Llizo v. City of Topeka, Kan.*, 844 F. Supp. 2d 1212, 1214 (D. Kan. 2012); *Aramburu v. Boeing Co.*, 896 F. Supp. 1063, 1064 (D. Kan. 1995); *Skepnek v. Roper & Twardowsky, LLC*, No. 11-4102-DDC-JPO, 2015 WL 10246976, at *1 (D. Kan. Aug. 27, 2015).

[3] 28 U.S.C. § 1404(a).

[4] *Spires v. Hospital Corp. of America*, No. 06-2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006) (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)).

[5] *Skepnek*, 2015 WL 10246976, at *1 (quoting *Chrysler Credit Corp.*, 928 F.2d at 1515–16).

[6] *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014) (citing *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992)); *Escalante v. Williams*, No. 17-CV-2035-HLT-KGG, 2018 WL 4341268, at *1 (D. Kan. Sept. 11, 2018).

forum is inconvenient.[7]  Indeed, courts in this District have held that the moving party must show the existing forum is "substantially inconvenient, not just that [the proposed new forum] is marginally more convenient."[8]

**II.   Analysis**

  *A.  Plaintiffs' Choice of Forum*

Although Plaintiffs' choice of forum is normally entitled to great deference, such consideration is given "much less weight in ruling on a discretionary transfer motion" if the plaintiff's choice of forum is not his residence.[9] "In fact, when the plaintiff does not reside in the chosen forum, the rationale for allowing plaintiff to dictate the forum evaporates."[10] Defendant notes that all the Plaintiffs live in the Kansas City area and not in Topeka, their chosen forum. This is not in dispute.

Plaintiffs assert Topeka is the proper forum for this action because the parties involved—the homeschools and Blue Valley U.S.D. 229—are all regulated by the Kansas Board of Education and ultimately by the Kansas legislature, both of which are located in Topeka. Plaintiffs claim there is "a symbiotic relationship" between Blue Valley U.S.D. 229 and the Kansas Board of Education and that there are "facts giving rise to the lawsuit that have a material relation or significant connection to the plaintiffs' choice of forum[11] in Topeka because the

---

[7] *Id.*

[8] *Spires*, 2006 WL 1642701, at *3; *See also Menefee v. Zepick*, No. 09-2127-JWL, 2009 WL 1313236, at *2 (D. Kan. May 12, 2009).

[9] *Barnes & Noble Booksellers, Inc., v. Town Center Plaza, LLC*, No. Civ.A. 05-2011-CM, 2005 WL 2122803, at *2 (D. Kan. May 18, 2005). *See also Tiffany v. City of Topeka,* No. 09-2232-CM, 2009 WL 1683515, at *1 (D. Kan. June 16, 2009); *Baker v. Via Christi Reg'l Med. Ctr.*, 2007 WL 913925, at *2 (citing *Wichita Investors, LLC v. Wichita Shopping Ctr. Assocs.*, No. 02-2186-CM, 2002 WL 1998206, at * 1 (D. Kan. Aug. 7, 2002)).

[10] *Spires*, 2006 WL 1642701, at *2 (citations omitted).

[11] *See Cook v. Atchison, Topeka & Santa Fey Ry. Co.*, 816 F. Supp. 667, 669 (D. Kan. 1993).

Kansas legislature, with its statutory scheme, and the defendant Kansas Board of Education, with its regulatory scheme, reside in Topeka."[12] Defendant questions the meaning of this "symbiosis" and argues generally that Plaintiffs' reasons are irrelevant to the question of forum and are meant to "confus[e] the issue."[13]

The Court finds Plaintiffs' statements alone do not show how Plaintiffs are connected to Topeka when they do not reside there. Plaintiffs show no more than an obscure connection between them and their chosen forum and between the forum and this case. Plaintiffs' rationale would justify trying any lawsuit that touches on the implementation of any aspect of Kansas law in Topeka because the legislature is housed there. Litigants need more than that to justify a choice of forum. For these reasons, the Court gives no weight to Plaintiffs' choice of Topeka as forum.

*B. Convenience of the Witnesses*

As this Court has emphasized, "[i]n deciding a motion to transfer under § 1404(a), the relative convenience of the forum is 'a primary, if not the most important, factor to consider.'"[14] Specifically, "[c]onvenience of the non-party witnesses is the most important factor to be considered."[15] Ultimately, the Court will grant the transfer motion only if it finds Topeka to be substantially inconvenient for non-party witnesses, not just that Kansas City is marginally more

---

[12] ECF No. 79, at 3.

[13] ECF No. 80, at 3.

[14]*LeTourneau v. Venture Corp.*, No. 15-2629-JAR, 2018 WL 489096, at *3 (D. Kan. Jan. 19, 2018) (quoting *McIntosh v. City of Wichita*, No. 14-2402, 2015 WL 1646402, at *2 (D. Kan. Apr. 14, 2015)).

[15] *Meek & Assocs., Inc. v. First Union Ins. Grp.*, 99-2519-CM, 2001 WL 58839, *1 (D. Kan. Jan. 18, 2001).

4

convenient.[16] Such inconvenience requires that "all or practically all the witnesses reside in a different forum and traveling to the proposed forum is a substantial burden."[17] The moving party must therefore "identify the witnesses and their locations, indicate the quality or materiality of their testimony, and indicate that depositions from witnesses who are unwilling to come to trial would be unsatisfactory and the use of compulsory process would be necessary."[18]

Defendant argues Plaintiffs have not shown that witnesses would be inconvenienced by a change of forum to Kansas City. This, however, is not Plaintiffs' burden. It is Defendant's burden here to show that Topeka is substantially inconvenient for witnesses. Plaintiffs note this and note further that Defendant has not identified any non-party witnesses for whom Topeka would be inconvenient.[19] The Court agrees. Defendant has not identified any non-party witnesses at all, let alone their locations, the significance of their testimony, or why it would be necessary for them to testify at trial. Defendant has not met its burden of showing that non-party witnesses would be substantially inconvenienced by a trial in Topeka. Therefore, the Court weighs this factor in favor of a Topeka trial location.[20]

*C. Accessibility of Witnesses and Other Sources of Proof*

Defendant asserts Plaintiffs have only vaguely referred to the need to have access to

---

[16] *See Menefee*, 2009 WL 1313236, at *2.

[17] *McIntosh v. City of Wichita*, No. 14-2402, 2015 WL 164602, at *2 (D. Kan. Apr. 14, 2015).

[18] *LeTourneau*, 2018 WL 489096, at *3 (quoting *McDermed v. Marian Clinic, Inc.*, No. 14-2194-EFM-KMH, 2014 WL 6819407, at *2 (D. Kan. Dec. 2, 2014)).

[19] ECF No. 79, at 3.

[20] *See Kramer v. Textron Aviation, Inc.*, No. 20-2341-DDC-GEB, 2020 WL 7388612, at *4 (D. Kan. Dec. 16, 2020) (finding that, because witnesses were "potential" and "yet to be disclosed," the court was "currently unable to determine the weight of this most important factor").

witnesses in Topeka.[21] Again, Plaintiffs correctly note that this is not Plaintiffs' burden. Defendant has not identified any specific reasons why non-party witnesses would be less accessible to the Court in Topeka than in Kansas City. Plaintiffs, for their part, make a general reference to the Kansas legislature and Board of Education in Topeka in the context of the need for witnesses, perhaps implying that they intend to call witnesses from these entities. However, "[c]onclusory assertions regarding the inconvenience of witnesses are of limited significance."[22]

Blue Valley U.S.D. 229 is in the Kansas City area, so it is reasonable to infer that witnesses relevant to district policy and action would be more accessible in Kansas City than in Topeka. On the other hand, Plaintiffs' concern with Kansas state education policy could imply that the Court would need access to witnesses in Topeka. However, neither side has made a clear argument on witness accessibility, and Defendant has not shown, or even specifically asserted, that a trial in Topeka would hinder access to witnesses or other proof. Because Defendant has not met its burden with regard to accessibility of witnesses and other sources of proof, the Court weighs this factor in favor of a Topeka trial location.

### D.   Fair Trial

Defendant has not argued they would not receive a fair trial in Topeka. Plaintiffs make no argument that they would not receive a fair trial in Kansas City. The Court knows of no reason the parties could not have a fair trial in either city and therefore gives no weight to this factor.

---

[21] ECF No. 80, at 2.

[22] *Spires*, 2006 WL 1642701, at *4 (quoting *United Building Supply, Inc. v. Sherman*, No. 97–1003–JTM, 1997 WL 157200, *3 (D. Kan. Mar. 13, 1997)).

### E.     Other Considerations

The final factor weighs "all other practical considerations that make a trial easy, expeditious, and economical."[23] Three considerations here fall under this factor: the locations of the parties, counsel, and the district judge and staff relative to the forum.

First, because the parties have not yet identified non-party witnesses, the question of convenience is confined to the parties, whose convenience is a statutory consideration for courts in determining trial location.[24] Defendant notes that, with the exception of one party, all the parties reside in the Kansas City area and the only Topeka resident, Defendant Randall Watson, does not object to changing the trial location.[25] From this Defendant argues that Kansas City is more logical and convenient than Topeka. Plaintiffs live in Stilwell, Kansas, and Olathe, Kansas. Stilwell is 74 miles to the District Court in Topeka and 31 miles to the District Court in Kansas City. Olathe is 58 miles to the District Court in Topeka and 24 miles to the District Court in Kansas City. Defendant Blue Valley U.S.D. 2929 is in Overland Park, Kansas. Overland Park is 65 miles to the District Court in Topeka and 13 miles to the District Court in Kansas City. Travel to Kansas City, Kansas, would be more convenient for nearly everyone, including Plaintiffs. Here, most parties would be driving twice as far to Topeka as to Kansas City, and Blue Valley representatives would be driving four times as far. The "nexus"[26] to Kansas City for those involved in this case is clear. The Court, therefore, weighs convenience of the parties in favor of transfer to Kansas City.

---

[23] *Chrysler Credit Corp.*, 928 F.2d at 1516.

[24] 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses . . . a district court may transfer any civil action . . . .").

[25] ECF No. 76, at 3-4.

[26] *See Spires*, 2006 WL 1642701, at *3.

Second, Defendant notes that none of the parties' legal counsel are located in Topeka. Plaintiffs' counsel is located in Stilwell, Kansas, and Defendant's counsel maintain their office in Kansas City, Missouri. Downtown Kansas City, Missouri, is 64 miles to the District Court in Topeka and 5 miles to the District Court in Kansas City, Kansas. Counsel for Randall Watson, the only Topeka resident, maintains his office in Kansas City, Kansas. Plaintiffs respond that parties' counsel have all traveled to Topeka for a status conference.[27] Convenience to counsel is not, however, a significant consideration when determining trial location, for "[u]nlike the convenience of the witnesses, 'the convenience of counsel is entitled to little, if any, weight in ruling on a § 1404(a) transfer.'"[28] Defendant has not shown that this factor weighs significantly in favor of changing trial location to Kansas City.[29]

Third, "[o]ur court . . . has held that 'the convenience of the Court weighs in favor of a trial in [the location where] . . . the district judge and staff are located.'"[30] The district judge and staff in this case are located in Topeka. This consideration, therefore, does not weigh in favor of changing trial location from Topeka to Kansas City.

---

[27] ECF No. 79, at 2.

[28] *LeTourneau*, 2018 WL 489096, at *3 (quoting *Hughes v. Blue Cross Blue Shield of Kan., Inc.*, No. 12-2339 JTM, 2012 WL 3644845, at *4 (D. Kan. Aug. 24, 2012)).

[29] *But see Spires*, 2006 WL 1642701, at *4 (considering "relative convenience for the witnesses, parties, and attorneys" in its consideration of forum convenience).

[30] *Radiologix, Inc. v. Radiology & Nuclear Med., LLC*, No. 15-4927-DDC-KGS, 2019 U.S. Dist. LEXIS 2361, at *12–*13 (D. Kan. Jan. 7, 2019) (quoting *Jones v. Wichita State Univ.*, No. 06-2131-KHV-GLR, 2007 U.S. Dist. LEXIS 29185, at *2 (D. Kan. Apr. 19, 2007)).

Because Defendant has not addressed the most important factor, the location and convenience of non-party witnesses, and because the remaining factors are either neutral or do not weigh in favor of changing trial location to Kansas City, the Court finds Defendant has not met their burden to show that the case should be transferred to Kansas City for trial. Thus, the Court finds that Defendant's Motion should be denied without prejudice at this time. If appropriate and discovery reveals a substantial inconvenience to non-party witnesses, Defendant may file a renewed motion to change trial location addressing this most important factor no later than **January 16, 2024.**

**IT IS THEREFORE ORDERED THAT** Blue Valley's Motion to Change Trial Location (ECF No. 76) is **Denied without prejudice**.

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 15th day of December, 2023.

*Teresa J. James*

Teresa J. James
U. S. Magistrate Judge