UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Baker et al

Plaintiffs,

v.

Case No. 5:23-cv-04022-TC-TJJ

Watson et al

Defendants

Plaintiff Terri Baker's Motion for Reconsideration of Dismissal of Randall Watson in his Official Capacity

Pursuant to Kansas Local Rule 7.3(b)(2) & (3), the plaintiff Terri Baker, and on behalf of her son S.B., moves for reconsideration of the dismissal of the defendant Randall Watson, sued in his official capacity, as to her claims, on the grounds of availability of new evidence and correcting error. This evidence of the nexus relationship between the Commissioner's office, the Kansas Department of Education, and the Blue Valley school district would correct clear errors and prevent manifest injustice. *See Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.,* 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010).

The Court dismissed defendant Watson as to all claims brought by all plaintiffs. (ECF 109).  As to the plaintiff Terri's claims, the Court held the allegation that "Blue Valley enforced Section 72-3463 to deny S.B. a benefit" was an injury in fact. ECF 109 p.13.  The Court stated plaintiffs "cannot simply conclude that because Watson has authority, he must have exercised that authority in her case and in a way that caused her injury." *Id*. The Court addressed the Kansas Department of Education's Handbook and the allegation that "schools, including Blue Valley … must adhere to the [Department's] regulations as interpreted by [it] in its guidelines. These

1

sweeping connections are once again too attenuated to satisfy the traceability injury. That Watson could exercise authority over Blue Valley does not mean that he has done so – nor, more importantly, that he has done so in this case and in a way that has to injured Baker." *Id.* at pp.13-14.

Plaintiffs were able to obtain facts through the depositions of Randall Watson and of Mark Schmidt that the Court did not possess. Defendant Watson testified that he has enforcement and implementation obligations regarding the State Board of Education regulations as set out in the Kansas State Board of Education KAR Policies which the Office of Commissioner is required to implement and enforce K.A.R. 91-40-43 which requires school boards to provide special needs services to exceptional children residing in the school board's district. See ECF 106-18 (Watson Deposition) p.10:1-7; p.14:3-p.15:14. That is supervisory authority and influence over Blue Valley. Dr. Watson represents the State Board of Education and has general oversight of this agency and education functions that align with the Kansas constitution. ECF 106-18 p. 6:17-23; p.10:22-24. Under K.A.R. 91-40-48, the Kansas Department of Education requires each agency to "ensure that special education and related services provided to exceptional children enrolled in private schools are provided in a secular and nonideological manner." ECF 106-18 p.77:50 p.78:23. Page 149 of the Special Needs Handbook authored by the Commissioner states that "K.S.A.72-3421 gives parents of a child with a disability the responsibility to provide for the special education services for their child, either within the public school or through private means for the entire period of their child's eligibility." ECF 106-18 p.121:5-18. In the Kansas Department

2

of Education Handbook, Chapter 1, it states that special education statutes "sets forth parental responsibilities. This law requires parents to see that their child with a disability (not giftedness) attends school so that their child can receive the special education and related services on the child's IEP, or to provide such services privately." ECF 106-18 p.100:22-p.101:15.

Where a plaintiff challenges the constitutionality of a statutory provision the "causation element of standing requires the named defendants to possess authority to enforce the complained of provision." *Bronson v. Swensen*, 500 F.3d 1099, 1110 (10th Cir. 2007). The redressability prong requires that a defendant have power to enforce the challenged statute. *Id.* at 1111. A plaintiff can satisfy the causation and redressability requirements by demonstrating a "meaningful nexus" between a defendant and the plaintiff's injury. *Id.* at 1109-12.

The Defendant Watson was sued in his official capacity. He is an agent for the Kansas Board of Education. He is their appointed executive officer.[1] An official capacity suit is "another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). The plaintiffs listed the Kansas Department of Education as a party. ECF 104-1 ¶52 ("The Kansas Department of Education (KSDE) is charged with overseeing the implementation and

---

[1] ECF 104-1 (Amended Complaint) ¶37 Defendant Randall D. Watson is the Kansas Commissioner of Education and, in that position, is the Chief Administrative Officer for the Kansas State Department of Education ("KSDE"). Mr. Watson is sued in his official capacity; ¶39 "The Kansas Department of Education (KSDE) is required by 34 CFR §300.199(a)(2) to identify in writing to [Blue Valley] the LEAs located in the State and to the Secretary that such rule, regulation, or policy is a State imposed requirement, which is not required by Part B of the Act or the Federal regulations."

interpretation of Kansas state law that makes up Kansas's IDEA state plan, including the certification of nonpublic schools and the distribution of federal IDEA funds and state special education funds to LEAs"). Being sued in Watson's official capacity means that the Kansas Department of Education was a defendant in this case.

The Court's Order did not mention nexus as to either the Commissioner's office or the Kansas Department of Education. The issue is not whether the Commissioner or the Kansas Department of Education might have some particular duty to enforce K.A.R. 91-40-48 and K.S.A. 72-3463 "but whether [Commissioner and KSDE] has the requisite connection." *First Baptist Church v. Kelly,* 457 F. Supp. 3d 1072, 1082 (D. Kan. 2020) (finding governor had duties and willingness to enforce).

Under a nexus analysis there is a connection between the Commissioner's Office, who is the agent of the Kansas Department of Education, and the plaintiffs injury in fact which makes them a proper defendant in this case. The Commissioner and the Kansas Department of Education's responsibility for the general supervision over the Blue Valley School District administration of the Special Needs regulation and statute is sufficient, even if the official is powerless to change the state law. *Kitchen v. Herbert,* 755 F.3d 1193, 1204 (10th Cir. 2014). Clearly the Commissioner and KSDE require Blue Valley to enforce the regulation and statute as against these plaintiffs as they "clearly…assisted or currently assist in giving effect to the [contested] law." *Prairie Band Potawatomi Nation v. Wagnon,* 476 F.3d 818, 828 (10th

4

Cir. 2007); *see also id.* at 828 n.15 (noting that to "give effect is the definition of enforce").

Beyond the Kansas constitutional connection between defendant Watson and Blue Valley, with its imposed duties upon defendant Watson, Watson publishes his Special Education Handbook.  Defendant Schmidt testified at his deposition that Blue Valley enforces Chapter 14 of the Commissioner's Special Education Handbook of KSDE which contains injury causing language ("State law allows for services to be provided at either the public or private school, but forbids the provision of special education and related services 'in connection with religious courses, devotional exercises, religious training, or any other religious activity") and includes requiring private school employee to be "under public supervision and control." ECF 106-17 (Schmidt Deposition) p. 216:23-p.218:2.

If neither the Commissioner nor the Kansas Department of Education are not a proper defendant regarding the claims of unconstitutionality of the Kansas legislature's K.S.A. 72-3463 and KSDE's regulation K.A.R. 91-40-48, then who would be? These two authorities apply to the plaintiffs today and are certainly being enforced today as against these plaintiffs by the Blue Valley school district.  These additional facts demonstrate there is "meaningful nexus" between the Commissioner/ Kansas Department of Education and the injury in fact to the plaintiffs.  The plaintiff Terri Baker moves that the Court reinstate her claims against the defendant Commissioner, in his official capacity for the Kansas Department of Education.

| | |
|---|---|
| /s/Linus L. Baker KS 18197<br>6732 West 185th Terrace<br>Stilwell, Kansas 66085<br>Telephone:   913.486.3913<br>Fax:               913.232.8734<br>Email: linusbaker@prodigy.net<br>Attorney for the plaintiff | **CERTIFICATE OF SERVICE**<br><br>On this 9th day of October, 2024, the above document was filed with the Court's CM-ECF system which will provide notice to all counsel of record.<br>/s/Linus L. Baker<br>Linus L. Baker |