UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Terri Baker *et al*

                     Plaintiffs,

v.                                      Case No. 5:23-cv-04022-TC-TJJ

Randall Watson *et al*               Motion for Stay

                      Defendants

PLAINTIFF'S MOTION FOR STAY AND SUGGESTIONS IN SUPPORT

## Motion

Plaintiff Terri Baker moves the Court to stay this action pending the Supreme Court's decisions in *Mahmoud v. Taylor*, 24-297 and *Oklahoma Statewide Charter School Board v. Drummond* 24-394. These cases will concern issues raised in the pretrial order and summary judgment briefing regarding the control of educational curriculum and the interplay of supervision and control for schools having religious curriculum, both of which are fundamental issues in this lawsuit. In this matter Blue Valley contends that it must create and control S.B.'s educational curriculum as a condition for Blue Valley providing special needs services to S.B. Blue Valley contends federal law requires it to control S.B.'s educational curriculum and further argues that this creation and control of the curriculum is necessary because it would create entanglement of religion and because of the mandates of K.S.A. 72-3463. Blue Valley contends it must impose a forced curriculum upon S.B. in order for S.B. to received special needs services irrespective of his parent's school choice. There is no opt out solution for S.B. if he is to receive free special needs services.

1

The authorities and arguments in support of Plaintiff's Motion are fully set forth below.

WHEREFORE, Plaintiff respectfully requests this Court enter an order staying this action pending the Supreme Court's decisions in these cases.

**Suggestions in Support of Motion to Stay**

In support of her motion to stay:

**Argument**

In ***Mahmoud v. Taylor***, 24-297, a similar imposition of curriculum argument was made by the Montgomery County School Board of the state of Virginia which contended that it was permitted to impose its curriculum upon students enrolled in that school system. *See Mahmoud* Question Presented ("Petitioners filed suit, not challenging the curriculum, but arguing that compelling their elementary-age children to participate in instruction contrary to their parents' religious convictions violated the Free Exercise Clause"). Similarly, the plaintiff Terri Baker contends that compelling S.B. to use Blue Valley's secular curriculum (instead of his private religious curriculum) as a condition for special needs services violates the Free Exercise Clause as well as violates Equal Protection.

Blue Valley contends federal law mandates that Blue Valley create S.B.'s curriculum as the only means to control and supervise but federal law specifically forbids the federal government from doing this. Title IX does not impose this upon Blue Valley and Congress specifically barred federal "direction, supervision, or

control over the curriculum * * * or over the selection of * * * textbooks, or other printed or published materials by any * * * school system * * *." 20 U.S.C.§ 1232a. Contrary to Blue Valley's contention, there is a congressional policy against nationalized educational standards and federal statutes forbidding the Department of Education to implement national curriculum. *See* 20 U.S.C § 1232a (2012) (prohibiting provisions from being construed to allow federal control of education); 20 U.S.C. § 3403(a)-(b)(2012)[3] (recognizing that the responsibility for education is reserved to the states and prohibiting the DOE from construing other provisions as authorizing DOE to exercise certain educational control over the states). Similar to the Montgomery and Blue Valley schools, federal law does not require those schools to either create or control an educational curriculum because of some federal mandate.

In ***Oklahoma Statewide Charter School Board v. Drummond,*** it concerns school choice and how Oklahoma refuses to convey benefits equally to religious schools. The Oklahoma Supreme Court held that the school that was denominated as "charter" was "entwined with the State" because "governmental entities" sponsor them, monitor and oversee their operations." This is the same argument Blue Valley makes to justify its curriculum-only decree for the delivery of special needs services. If the Oklahoma parent wants to exercise school choice and elect a charter school, Oklahoma robs the parent of all of the benefits of that school choice eliminating the benefit of a religious curriculum. Blue Valley does the same thing. Blue Valley excludes privately run homeschools and other non-accredited private schools from

eligibility to receive any benefit of those religious curriculums in the delivery of special needs services as well as completely denying push in services in those religious curriculums, Oklahoma takes the same position in its treatment of Charter Schools. Just as Blue Valley contends, the Oklahoma Supreme court also held that the Supreme Court's "Free Exercise Trilogy" cases "do not apply." Oklahoma stated it could not tolerate funding and supervising a religious curriculum of which it determined no schools with religious curriculums would obtain the benefit of Oklahoma funding for becoming a Charter School. The issue in Oklahoma:

> This Court has repeatedly held that the Free Exercise Clause prohibits a state from denying generally available benefits to a school solely because it is religious. That principle should have resolved this case. Petitioner is a private religious institution. It seeks to partake in the benefits of Oklahoma's charter school program. But the court below invalidated Petitioner's contract with the charter school board. The court disregarded this Court's Free Exercise precedents because, in its view, Petitioner had become an arm of the government by virtue of that contract. It thus held that the Establishment Clause and Oklahoma laws aimed at creating "a complete separation of church and state" compelled the court to deny Petitioner-on religious grounds-the benefits created by Oklahoma's Charter Schools Act.
>
> The Questions presented are:
>
> 1. Whether the academic and pedagogical choices of a privately owned and run school constitute state action simply because it contracts with the state to of-fer a free educational option for interested students.
> 2. Whether a state violates the Free Exercise Clause by excluding privately run religious schools from the state's charter school program solely because the schools are religious, or whether a state can justify such an exclusion by invoking anti-establishment interests that go further than the Establishment Clause requires.

## Legal Argument for Stay

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254

4

(1936) (granting contested motion to stay pending Supreme Court's final disposition of a separate case). Courts have held it is appropriate to impose a stay "where the Supreme Court may shortly provide definitive guidance on key legal questions that could impact the viability of some or all of the claims." *Int'l Refugee Assistance Project v. Trump,* 323 F.Supp.3d 726, 734 (D. Md. 2018). "Considerations of judicial economy are highly relevant." *Gustavson v. Mars, Inc.,* No. 13-cv-04537, 2014 WL 6986421, at *3 (N.D. Cal. Dec. 10, 2014). In considering a motion to stay, this Court weighs the potential prejudice or hardship to the parties, as well as the interest of judicial economy. *Landis at 254*; *See St. Louis Heart Ctr., Inc. v. Athenahealth, Inc.,* No. 4:15-CV-01215-AGF, 2015 WL 6777873, at *4 (E.D. Mo. Nov. 4, 2015). These considerations weigh in favor of staying this action.

**THE POTENTIAL PREJUDICE OR HARDSHIP TO THE PARTIES WEIGHS IN FAVOR OF A STAY**

The only potential hardship or prejudice to Defendant a stay poses is delay. Delay, however, is inherent in any stay and thus does not alone preclude a stay. *1st Tech., LLC v. Digital Gaming Sols. S.A.,* No. 4:08CV586 HEA, 2010 WL 883657, at *2 (E.D. Mo. Mar. 5, 2010); *Doerken v. USAA Sav. Bank,* No. CV 16-08824-RSWL-MRW, 2017 WL 1534186, at *2 (C.D. Cal. Apr. 26, 2017); *In re: Pre-Filled Propane Tank Antitrust Litig.,* No. 14-02567-MD-W-GAF, 2015 WL 11022887, at *2–3 (W.D. Mo. Feb. 24, 2015); *Intellectual Ventures II* at *3. .

A stay would only shortly delay proceedings until the Supreme Court offers a potentially dispositive ruling. *See, e.g., Burlington v. News Corp.,* No. 09-1908, 2011 WL 79777, at *2-3 (E.D. Pa. Jan. 10, 2011) (granting stay to await Supreme Court

5

decision); *Allina Health Serv. v. Sebelius*, No. 10-1463-RMC, 2010 WL 5175015, at *8 (D.D.C. Dec. 22, 2010) (granting stay to await appellate court ruling that would be binding and potentially dispose of an issue in the district court); *St. Louis Heart Ctr., Inc.*, 2015 WL 6777873, at *5 (staying action pending resolution of Supreme Court decision). Further, even the delay is fairly innocuous. Oral argument is April 18, 2023. See Supreme Court Rules 25, 27(1). If the Supreme Court does not render its decision the day of oral argument, it will likely do so by the time it recesses for the summer. *St. Louis Heart Ctr., Inc.*, 2015 WL 6777873, at *5 (staying action, noting that Supreme Court would reach decision before the end of the current term—which was still over six months away).

**THE INTEREST OF JUDICIAL ECONOMY WEIGHS IN FAVOR OF A STAY**

Staying an action pending Supreme Court review of a key issue conserves "significant resources." *St. Louis Heart Ctr., Inc.*, 2015 WL 6777873, at *5. The fact that there is an imminent decision forthcoming from the Supreme Court on a potentially-dispositive issue alone merits a stay. The crux of a stay is to avoid speculation as to a Supreme Court ruling on a critical issue. *See Schartel v. OneSourch Tech., LLC*, No. 1:15 CV 1434, 2015 WL 7430056 at *1 (N.D. Ohio Nov. 17, 2015); *Eric. B. Fromer Chiropractic, Inc. v. N.Y. Life Ins. and Annuity Corp.*, No. 15-4767, 2015 WL 6579779, at *2 (C.D. Cal. Oct. 19, 2015); *Walker v. Monsanto Co. Pension Plan*, 472 F. Supp. 2d 1053, 1055 (S.D. Ill. 2006).

Other courts often stay actions pending decisions from the United States Supreme Court or, likewise, from states' highest courts. *See, e.g., Seefeldt v. Ent.*

*Consulting Int'l, LLC,* No. 4:19-cv-00188-MTS, 2020 WL 4922371, at *1 (E.D. Mo. Aug. 21, 2020); *Homa v. Am. Express Co.,* No. 06-2985, 2010 WL 4116481, at *3, *9 (D.N.J. Oct. 18, 2010) (granting defendants' motion to stay pending Supreme Court decision where "the Supreme Court's decision in Concepcion may substantially affect or be dispositive of the issues in this case"); *Feather v. SSM Health*, No. 4:16-CV-1669-HEA, 2018 WL 3536613, at *1 (E.D. Mo. July 23, 2018); *Am. Petroleum Inst. v. Johnson*, 541 F. Supp. 2d 165, 171 (D.D.C. 2008) (noting that the court had ordered a four-month stay while the Supreme Court heard and decided an "issue of considerable significance"); *Allied Prop. & Cas. Ins. Co. v. Grich*, No. 4:16-CV-00933-AGF, 2016 WL 4944113, at *2 (E.D. Mo. Sept. 16, 2016); *Alves v. Prospect Mortg., LLC*, No. 13-10985, 2013 WL 5755465, at *3 (D. Mass. Oct. 22, 2013); *Ahrens v. Swinburne & Jackson LLP*, No. 4:15-CV-130-JAR, 2016 WL 2756552, at *1 (E.D. Mo. May 12, 2016); *St. Louis Heart Ctr., Inc.,* 2015 WL 6777873, at *4.[1]

---

[1] *See Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) (granting stay pending Supreme Court decision that would likely "settle an important issue of law bearing on the action"); *McElrath v. Uber Technologies, Inc.*, No. 16-cv-07241, 2017 WL 1175591, at *5 (N.D. Cal. Mar. 30, 2017) (granting a stay where the Supreme Court decision was "likely to be issued within a year per the Supreme Court's customary practice after granting certification of a petition"); *Stryker Trauma S.A. v. Synthes (USA),* No. 01-3879, 2008 WL 877848, at *4 (D.N.J. Mar. 28, 2008) (noting delay is not a dispositive issue as it is common to all stayed cases and finding that a lengthy stay outweighed the cost of not staying the case because otherwise the case would proceed "under the shadow of a pending" reexamination of the relevant issues). In fact, some courts have granted motions to stay proceedings where the anticipated length of the stay was undisputedly "for an uncertain and significant period of time, lasting potentially a year or more" reasoning that any anticipated delay was "not excessive considering the likelihood that the Third Circuit's decision will resolve the dispositive . . . issues presently in dispute." *Nicolas v. Trs. of Princeton Univ.*, No. 17-3695, 2017 WL 6514662, at *4 (D.N.J. Dec. 20, 2017).

7

The analysis is critical to this case which the Supreme Court will decide. *See Hundley v. Henry Ford Health Sys.,* No. 21-11023, 2021 WL 4775356 at *4 (E.D. Mich. Oct. 13, 2021) ("any delay that might be avoided by denying the requested stay is far outweighed by the inequity and inefficiency in litigating issues that are going to be decided by the Supreme Court"). Judicial efficiency and the public interest would be better served by staying this case. The alternative – sending the parties deeper into costly litigation when the Supreme Court will shortly decide these key issues in the case – would cause material harm to both parties, both in terms of time spent and actual cost, and potentially expend judicial resources needlessly. A stay is warranted to prevent further harm to any party and promote judicial economy. https://www.scotusblog.com/2025/01/justices-take-up-maryland-parents-challenge-to-lgbtq-books-in-schools/

As SCOTUSBLOG reported, the "justices fast-tracked the briefing schedule for the cases, which will allow them to be argued during the last week of the court's April argument session – the final regularly scheduled session of the term – with a decision to follow by late June or early July." https://www.scotusblog.com/2025/01/supreme-court-will-weigh-in-on-effort-to-found-nations-first-religious-charter-school/

**Conclusion**

Plaintiff respectfully requests that the Court stay this action pending the Supreme Court's decisions in these cases.

By:/s/Linus L. Baker
Linus L. Baker KS 18197
6732 West 185th Terrace
Stilwell, Kansas 66085-8922
913.486.3913
913.232.8734 (fax)
E-Mail: linusbaker@prodigy.net
Attorney for the plaintiff

CERTIFICATE OF SERVICE

On this 26th day of January, 2025, the above document was filed with the Court's CM-ECF system which will provide notice to all counsel of record.

/s/Linus L. Baker
Linus L. Baker