UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| Terri Baker *et al* <br><br>                           Plaintiffs, <br><br> v. <br><br> Randall Watson *et al* <br><br>                           Defendants | Case No. 5:23-cv-04022-TC-TJJ <br> Motion for Stay |

PLAINTIFF'S REPLY to MOTION FOR STAY

      The defendant Blue Valley's opposition concedes the obvious: the battleground *is the curriculum*. Blue Valley makes the plaintiff's point: this lawsuit is not different than the basic separation of church and state rationales presenting in *Mahmoud v. Taylor*, 24-297 and *Oklahoma Statewide Charter School Board v. Drummond* 24-394. Blue Valley presents the issues as whether "personnel can be compelled into involvement with religious content" – which this church/state separation issue is precisely the underlying rational in both *Mahmoud* and *Oklahoma Statewide*. This is why the Oklahoma Supreme court says a religious Charter school can't be eligible in the Charter School program: because it also would compel involvement in the religious content of the Charter School. Blue Valley asserts that those cases do not involve "compelled secular education of students without a parental opportunity to opt out" but this is precisely the issues and what is occurring directly in *Mahmoud* and *Oklahoma*. Both cases employ the same underlying rational that Blue Valley asserts: teachers cannot be "compelled to provide religious education." This is the same red herring and false underlying rational for both cases in which both assert that permitting a religious Charter school to teach a religious curriculum would

1

compel government religious teaching (false) and then the erroneous claim that parents can opt out of the public school system – at their own substantial expense – being denied benefits.

Douglas Laycock, a University of Virginia professor emeritus and a leading authority on religious law "said the federal courts have been terrified about getting entangled in school curriculum issues.  They're afraid if they ever allow one of these exemptions, they're going to have parent after parent coming in demanding that his kid shouldn't have to read this, or shouldn't have to write an essay on that, he said. They don't want those cases.  So, for decades, courts have basically told parents they have the right to pull their child out of the public school, he said. But if they don't, they have to take the whole curriculum."

https://www.usatoday.com/story/news/politics/2025/02/02/supreme-court-religious-rights-cases/78031579007/

Blue Valley says all special needs students must accept its cram down of its government curriculum if that student is to receive any special needs benefit.  Kansas now allows part time enrollment which exacerbates the uselessness of Blue Valley's government curriculum cram down demands. This case, as well as the two cited cases, all involve the same mail that may be going in different slots but coming out in the same rational bucket of the resistance of government schools to release parents from the government imposed curriculum in order to receive benefits.  Blue Valley fiercely demands to control all curriculum of S.B. – as a condition for S.B. to receive any delivery of special needs benefits.  That is indeed the same battleground presented in

both *Mahmoud* and *Oklahoma*. Blue Valley claims that the parent Terri Baker is relegated to a partial curriculum school choice if her son is to receive the full benefit of an IEP and delivery of services based solely on the false premise of establishment of religion and religious entanglement – the two issues squarely that are erroneous and of which the Supreme Court has decided to take up.

Both cases will likely provide substantial guidance on the separation of church and state particularly regarding government teachers, government curriculum, and its interplay of parental rights and government benefits. The Court is expected to hear these cases sometime this spring: most likely April 2025. The status quo in this case counsels in favor of a stay. *See Free Speech Coalition, Inc. v. Rokita,* No. 24-2174, 2024 WL 3861733, at *1 (7th Cir. Aug. 16, 2024) (Rovner, J., concurring in part and dissenting in part) (noting that Supreme Court decision to allow the Texas law to remain in effect pending appeal "left the case as it found it, leaving the parties no worse off than they had been")). If anyone's rights are being injured it is the plaintiff's. There remains no pressing need for this case to be resolved on the merits prior to the Supreme Court's rulings. With the Supreme Court poised to provide guidance on the issues presented in this case, it would not be an efficient use of judicial and party resources. S.B. is currently enrolled in a religious curriculum at religious schools in Heritage House and the Daniel Academy. In the end Blue Valley does not allege any prejudice to it at all in having the Court obtain the benefit of Supreme Court speaking to the issues presented in these two cases.

**Conclusion**

Plaintiff respectfully requests that the Court stay this action pending the Supreme Court's decisions in *Mahmoud v. Taylor*, 24-297 and *Oklahoma Statewide Charter School Board v. Drummond* 24-394.

By:/s/Linus L. Baker
Linus L. Baker KS 18197
6732 West 185th Terrace
Stilwell, Kansas 66085-8922
913.486.3913
913.232.8734 (fax)
E-Mail: linusbaker@prodigy.net
Attorney for the plaintiff

CERTIFICATE OF SERVICE

On this 3rd day of February, 2025, the above document was filed with the Court's CM-ECF system which will provide notice to all counsel of record.

/s/Linus L. Baker
Linus L. Baker