**In the United States District Court
for the District of Kansas**

---

Case No. 23-cv-04022-TC

---

TERRI E. BAKER, ET AL.

*Plaintiffs*

v.

RANDALL D. WATSON, ET AL.,

*Defendants*

---

**MEMORANDUM AND ORDER**

 Plaintiff Terri Baker, as next friend of her son S.B., sued Mark Schmidt, the Assistant Superintendent of Special Education for Blue Valley School District. Doc. 1. She alleges that Kansas's statutory and regulatory framework for special education services violates the First and Fourteenth Amendments of the United States Constitution. *Id.* Schmidt now moves for summary judgment, Doc. 119, and Baker moves for partial summary judgment, Doc. 121. For the following reasons, Schmidt's motion is granted, and Baker's motion is denied as moot.

**I**

**A**

 Summary judgment is proper under the Federal Rules of Civil Procedure when the moving party demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" when it is necessary to resolve a claim. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998). And disputes over material facts are "genuine" if the competing evidence would permit a reasonable jury to decide the issue in either party's favor. *Id.* Disputes—even hotly contested ones—over facts that are not essential to the claims are

irrelevant. *Brown v. Perez*, 835 F.3d 1223, 1233 (10th Cir. 2016). Indeed, belaboring such disputes undermines the efficiency that Rule 56 seeks to promote. *Adler*, 144 F.3d at 670.

At the summary judgment stage, material facts "must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Adler*, 144 F.3d at 671; *see also* D. Kan. R. 56.1(a)–(c). To determine whether a genuine dispute exists, the court views all evidence, and draws all reasonable inferences, in the light most favorable to the nonmoving party. *See Allen v. Muskogee, Okla.*, 119 F.3d 837, 839–40 (10th Cir. 1997). That said, the nonmoving party cannot create a genuine factual dispute by making allegations that are purely conclusory, *Adler*, 144 F.3d at 671–72, 674, or unsupported by the record. *See Scott v. Harris*, 550 U.S. 372, 378–81 (2007).

In a case where the moving party does not bear the burden of persuasion at trial, the summary judgment rules require that party to show the absence of any genuine issue of material fact and entitlement to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Hicks v. City of Watonga*, 942 F.2d 737, 743 (10th Cir. 1991); *Pelt v. Utah*, 539 F.3d 1271, 1280 (10th Cir. 2008). Once the moving party meets its burden, the burden shifts to the nonmoving party to demonstrate that genuine issues remain for trial as to dispositive matters. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).

But in a case where the moving party will bear the burden of proof at trial on a particular issue, the moving party must meet "a more stringent summary judgment standard." *Pelt*, 539 F.3d at 1280; *see also Donner v. Nicklaus*, 778 F.3d 857, 876 (10th Cir. 2015) (discussing a movant with affirmative defenses). That standard requires the movant to "establish, as a matter of law, all essential elements of the issue." *Pelt*, 539 F.3d at 1280. Only then must the nonmovant "bring forward any specific facts alleged to rebut the movant's case." *Id.*

The filing of cross-motions for summary judgment does not alter this standard. Each motion—and its material facts—must "be treated separately," meaning that "the denial of one does not require the grant of another." *Atl. Richfield Co. v. Farm Credit Bank Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000).

**B**

This is a dispute concerning the State of Kansas's provision of an appropriate education to students with specialized needs. And the parties have engaged in significant litigation to date.[1] *See* Docs. 109 & 119. But before laying out the facts and procedural history, it is useful to contextualize the dispute by briefly explaining the legal framework that Baker challenges. *See* Doc. 119 at 4–5.

**1.** The State of Kansas receives federal money under the Individuals with Disabilities Education Act (IDEA). *See* 20 U.S.C. § 1400 *et seq*. That funding comes with obligations, one of which is that Kansas must give disabled children a free appropriate public education. 20 U.S.C. § 1412(a)(1). Schools work with parents to develop an individualized education program (IEP) for children with special needs. *Honig v. Doe*, 484 U.S. 305, 311 (1988); *see M.H. v. N.Y. City Dep't of Educ.*, 685 F.3d 217, 224 (2d Cir. 2012) (describing IEPs in detail).

Kansas has codified its IDEA obligations in state law. *See* Kan. Stat. Ann. § 72-3403 *et seq*.; K.A.R. § 91-40-48. Under Kansas law, the parent of a child with an IEP must "require such child to attend school to receive the special education and related services which are indicated on the child's IEP or . . . provide for such services privately." Kan. Stat. Ann. § 72-3421. That is, parents of children with IEPs must ensure that *someone* provides their child's IEP services. *See id*; K.A.R. § 91-40-48(b).

The IEP services that Kansas provides are secular, devoid of any religious teachings. In particular, state law declares that "[n]o special education services shall be provided in connection with religious courses, devotional exercises, religious training, or any other religious activity." Kan. Stat. Ann. § 72-3463. A related regulation, K.A.R. 91-40-48, requires that special education services "to exceptional children enrolled in private schools [be] provided in a secular and nonideological manner."

**2.** Baker and her son S.B. live within the geographical boundaries of the Blue Valley School District in Kansas. Doc. 118 at ¶ 2.a.ii. Baker is a Christian, and it is her position that S.B. "has an educational need

---

[1] All references to the parties' briefs are to the page numbers assigned by CM/ECF. All facts are uncontroverted unless otherwise specified.

to learn about God and the Christian Gospel of Jesus Christ as the Messiah for all mankind." Doc. 127 at ¶ 5.

During the 2018-2019 and 2019-2020 school years, S.B. attended kindergarten at Wolf Springs Elementary in the Blue Valley school district. Doc. 118 at ¶ 2.a.v. Around May 2018, S.B. received an IEP. *Id.* at ¶ 2.a.vi. Blue Valley personnel provided secular special education services to S.B. while he attended Wolf Springs Elementary. Doc. 120 at ¶¶ 7, 8. Baker did not object to the special education that S.B. received at Wolf Springs, and she did not request any religious instruction for S.B. *Id.* at ¶¶ 9, 10.

S.B. did not return to a Blue Valley school for the 2020-2021 school year. Doc. 120 at ¶ 13. Baker told Blue Valley that she would not send S.B. to a Blue Valley school because she opposed the masking rules that Blue Valley had implemented to combat COVID-19. *Id.* at ¶ 14. She informed Blue Valley that her family would educate S.B. at home. *Id.* at ¶ 16. Blue Valley then sent Baker a letter informing her that it was Blue Valley's understanding that S.B. had withdrawn from the district and would be homeschooled, that S.B. was therefore unenrolled from Blue Valley, and that Blue Valley "stands ready, willing, and able to continue special education services as outlined on S.B.'s IEP." Doc. 120-2 at 11; Doc. 120 at ¶ 17. Baker homeschooled S.B. for the 2020-2021 school year. Doc. 120 at ¶ 21. S.B. also attended Wild Wilderness Kids Therapeutic Nature Center, a secular school, in the 2020-2021 school year. *Id.* at ¶¶ 21, 24, 25.

In March 2023, Baker filed a Notice of Parent's Request for a Special Education Due Process Hearing. Doc. 120 at ¶ 48. This Notice initiated a due process proceeding under IDEA in which Baker raised the same claims as in this litigation. Doc. 120-4 at 15–22. The Due Process Hearing Officer dismissed the Notice because it was impermissibly vague. Doc. 120 at ¶ 49. Baker appealed to an Administrative Law Judge, who upheld the Hearing Officer's decision. *Id.* at ¶ 50.

**3.** The next month, Baker and other plaintiffs filed this suit against several defendants, challenging the aforementioned restrictions in K.S.A. § 72-3463 and K.A.R. § 91-40-48. Doc. 1. Initially, the number of plaintiffs, the number of defendants, and the claims at issue were wide and varied. But the claims and litigants have been winnowed

down significantly.[2] Baker is the only remaining plaintiff and Schmidt the only remaining defendant. *See* Doc. 109 (order dismissing certain claims and defendants). As Assistant Superintendent for Special Education at Blue Valley, Schmidt is responsible for implementing the Kansas statutes that Baker challenges, and Baker sued him in his official capacity. Doc. 120 at 1 n.1; Doc. 122 at ¶ 16.

Baker has four remaining claims against Schmidt. Doc. 118 at ¶ 4.a. Count I alleges that Blue Valley violated the First Amendment's Free Exercise Clause by excluding Baker from government benefits. *Id*.; Doc. 127 at 6. Specifically, Baker argues that Blue Valley forces her to choose between receiving special education services and exercising her religious beliefs. Doc. 127 at 6. Count II also alleges a violation of the Free Exercise Clause. Doc. 118 at ¶ 4.a.; Doc. 127 at 7. Baker argues that Blue Valley discriminates against religious students like S.B. who "cannot have an IEP designed to meet all of his educational needs which include morality and religion." Doc. 127 at 6. Count IV turns to the Equal Protection Clause of the Fourteenth Amendment. Doc. 118 at ¶ 4.a.; Doc. 127 at 7. Similar to Count II, Baker alleges that Blue Valley treats religious students worse than non-religious students. Doc. 127 at 7. Finally, Count V returns to the Free Exercise Clause. Doc. 118 at ¶ 4.a.; Doc. 127 at 7. Baker argues that Blue Valley impermissibly requires her to forgo her religious convictions in order to obtain special education services for S.B. Doc. 127 at 7.

Both sides now move for summary judgment. Docs. 119 & 121. Among other things, Blue Valley argues that Baker lacks standing because she has not identified an injury in fact, causation, or redressability. Doc. 120 at 13. Baker also requests summary judgment, arguing that Blue Valley's special education framework violates the Constitution. *See generally* Doc. 122.

## II

Baker asserts four constitutional claims concerning the implementation of special education services to her son. But she has failed to carry her burden of establishing that Schmidt's actions as Blue Valley's Special Education Assistant Superintendent caused her to suffer an injury in fact, leaving her without standing to pursue these claims. As a

---

[2] For a more fulsome exposition of the procedural history, see Doc. 109.

result, Schmidt's motion for summary judgment is granted, and Baker's is denied as moot.

### A

"Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (quoting U.S. Const. art. III, § 2, cl. 1.); *see also Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "For there to be a case or controversy under Article III, the plaintiff must have . . . standing." *TransUnion*, 594 U.S. at 423. "Regardless of the stage of litigation at which [federal courts evaluate] standing, the standing inquiry remains focused on whether the party invoking jurisdiction had a sufficient stake in the outcome when the suit was filed." *Rio Grande Found. v. Oliver*, 57 F.4th 1147, 1162 (10th Cir. 2023). Plaintiffs "must demonstrate standing separately for each form of relief sought." *WildEarth Guardians v. Pub/Serv. Co. of Colo.*, 690 F.3d 1174, 1182 (10th Cir. 2012) (quoting *Friends of the Earth, Inc. v. Laidlaw Env't Serv. (TOC), Inc.*, 528 U.S. 167, 185 (2000)) (internal quotation marks omitted).

Standing requires a plaintiff to have "suffered an injury in fact" that is "fairly traceable to the challenged action of the defendant" and is likely to be "redressed by a favorable decision." *Laufer v. Looper*, 22 F.4th 871, 876 (10th Cir. 2022) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992)). "These requirements ensure that 'the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction.'" *Looper*, 22 F.4th at 876 (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)).

The injury in fact must be "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan*, 504 U.S. at 560 (cleaned up). For an injury to be concrete, it must be "real" rather than "abstract," but not necessarily "tangible." *Lupia v. Medicredit, Inc.*, 8 F.4th 1184, 1190–91 (10th Cir. 2021). In other words, "it must actually exist." *Spokeo*, 578 U.S. at 340. And "[a] statutory violation does not necessarily establish injury in fact." *Looper*, 22 F.4th at 876 (explaining that *Spokeo* and *TransUnion* recently clarified that fact). "For an injury to be particularized, it 'must affect the plaintiff in a personal and individual way.'" *Id.* (quoting *Lujan*, 504 U.S. at 560 n.1); *see also Spokeo*, 578 U.S. at 339. "[A]ctual or imminent [means] that the injury must have already occurred or be likely to occur soon." *Food & Drug Admin. v. All. for*

*Hippocratic Med.*, 602 U.S. 367, 381 (2024). And "[a]n alleged future injury is sufficiently imminent 'if the threatened injury is certainly impending, or there is a substantial risk that the harm will occur.'" *Looper*, 22 F.4th at 876 (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)).

As to causation, the plaintiff must show that "its injury is 'fairly traceable to the challenged action'" of the defendant. *Rocky Mountain Peace & Just. Ctr. v. U.S. Fish & Wildlife Serv.*, 40 F.4th 1133, 1152 (10th Cir. 2022) (quoting *Friends of the Earth*, 528 U.S. at 180). For Article III purposes, that means "proof of a substantial likelihood that the defendant's conduct caused plaintiff's injury in fact." *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1156 (10th Cir. 2005). To make that showing, "plaintiffs bear the burden of pleading and proving concrete facts showing that the defendant's *actual action* has caused the [harm or a] substantial risk of harm." *Rocky Mountain Peace & Just. Ctr.*, 40 F.4th at 1152 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 414 n.5 (2013)) (quotation marks omitted).

Regarding redressability, "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Atlas Biologicals, Inc. v. Kutrubes*, 50 F.4th 1307, 1325 (10th Cir. 2022) (quoting *Lujan*, 504 U.S. at 560) (internal quotation marks omitted). In other words, "a party must show that a favorable court judgment is likely to relieve the party's injury." *WildEarth*, 690 F.3d at 1182 (quoting *City of Hugo v. Nichols (Two Cases)*, 656 F.3d 1251, 1264 (10th Cir. 2011)). "The plaintiff must show that a favorable judgment will relieve a discrete injury, although it need not relieve his or her every injury." *WildEarth*, 690 F.3d at 1182 (quoting *Nova Health Sys.*, 416 F.3d at 1158).

And finally, when assessing standing, federal courts are not to "open the door to merits considerations at the jurisdictional stage." *Smith v. Albany Cnty. Sch. Dist. No. 1 Bd. of Trs.*, 121 F.4th 1374, 1378 (10th Cir. 2024) (internal quotation marks omitted). Thus, "[f]or purposes of standing, [courts] must assume the Plaintiffs' claim has legal validity." *COPE v. Kan. State Bd. of Educ.*, 821 F.3d 1215, 1220 (10th Cir. 2016) (quoting *Initiative & Referendum Inst. v. Walker*, 450 F.3d 1082, 1092–93 (10th Cir. 2006) (en banc)). In other words, "standing in no way depends on the merits of the plaintiff's contention that particular conduct is illegal." *Warth v. Seldin*, 422 U.S. 490, 500 (1975).

**B**

Baker does not affirmatively state in any of her summary judgment pleadings what her injury is. *See generally* Docs. 122, 127, 128. At best, Baker makes a number of cursory and conclusory statements about her belief that she and/or S.B. have been wronged by a law (or laws) that she believes are unconstitutional.[3] *See, e.g.*, Doc. 122 at 16 (noting that "[Baker] and S.B. are captive to the Kansas statutory obligation to provide Special Education services to S.B., [which] is a profound burden to [Baker's] First Amendment rights and an injury."); Doc. 122 at 36 ("S.B. is injured because he has not received [special education benefits] and in the manner required. S.B. is also injured because Blue Valley targets S.B. and his religious curriculum for disfavored treatment."); Doc. 127 at 31 (arguing that "[Baker] is not required to engage in a futile and meaningless request to [Blue Valley] for it to do something it has declared it will never do . . . . That is a controversy and injury to [Baker] and S.B.").

These complaints are unsupported by facts. That is a problem because generalized grievances or concerns about the constitutionality of a law are insufficient to confer standing. *Hays*, 515 U.S. at 743 ("[W]e have repeatedly refused to recognize a generalized grievance against allegedly illegal governmental conduct as sufficient for standing to invoke the federal judicial power."). Instead, a plaintiff must allege—and at the summary judgment stage must establish with proof—that he or she has suffered a concrete, redressable injury. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, (1990) (finding no standing where the plaintiff relied on conclusory allegations); *MacArthur v. San Juan Cnty.*, 495 F.3d 1157, 1160–61 (10th Cir. 2007) ("Mere conclusory allegations with no

---

[3] While Schmidt offers a robust demonstration that Baker lacks standing because she has not identified an injury in fact, Baker's response brief never directly confronts that contention by identifying what concrete harm or harms she suffered that are or were caused by Schmidt's implementation of Kansas law. *Compare* Doc. 120 at 13 (arguing that Baker "has not actually sustained the injury in fact that allegedly supplies her standing"); *with* Doc. 127 at 27 (asserting that "[t]here are multiple injuries at work," but failing to clearly explain what they are, whether Baker has actually sustained them, and how Schmidt and/or Blue Valley caused them). That failure has made it difficult to meaningfully discern exactly what Baker's position is and why she believes she has standing. *See Murthy v. Missouri*, 603 U.S. 43, 49 (2024) (noting that plaintiffs bear the burden of establishing standing).

8

citations to the record or any legal authority for support does not constitute adequate briefing.") (quotation marks omitted).

Baker's claims fail because she points to no evidence when faced with the famous standing question: "What's it to you?" Antonin Scalia, *The Doctrine of Standing as an Essential Element of the Separation of Powers*, 17 SUFFOLK U.L. REV. 881, 882 (1983); *see also TransUnion*, 594 U.S. at 423 (noting that plaintiffs must answer Justice Scalia's question in order to "demonstrate their personal stake" in the suit). And as a result, a federal court may not entertain the substance of her claims. *Colorado Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 543–44 (10th Cir. 2016).

Contrasting the summary judgment evidence with the facts assumed to be true at the motion-to-dismiss stage illuminates Baker's lack of standing. Previously, Baker was found to have standing at the motion-to-dismiss stage because the well-pleaded facts, accepted as true, plausibly alleged that Blue Valley, applying the Kansas law that Baker challenges, concluded that S.B. was ineligible for special education services. *See* Doc. 109 at 15 (citing Doc. 13 at ¶ 16). Discovery, however, has failed to support that allegation: The undisputed facts in the record establish that Baker has never requested that Blue Valley provide S.B. with special education services at his current non-Blue Valley school. Doc. 120 at ¶ 33; Doc. 127 (failing to controvert). Nor has she ever requested that Blue Valley provide S.B. with any religious instruction. Doc. 120 at ¶ 38; Doc. 127 at ¶ 38 (admitting the same). Indeed, she wants someone other than Blue Valley to provide S.B. with religious instruction. Doc. 120 at ¶ 41 (admitted statement of fact that Baker does not want S.B.'s special education services to include religious teachings); *but see* Doc. 127 at ¶ 43 (noting that Baker "wants S.B. to have a curriculum that includes religion"). These facts, contrary to what Baker alleged in her Complaint, confirm that Blue Valley did not deny S.B. special education services at all, much less in violation of either the First or Fourteenth Amendments to the Constitution.

Baker attempts to avoid this result by asserting a new injury. In particular, she suggests that she was injured because Kansas will not give S.B. special education benefits at home or at a private religious school while he receives a religious curriculum. *See* Doc. 127 at ¶ 38. That argument has several failings.

For one thing, it is speculation at best. The uncontroverted facts establish that Baker never made such a request. Doc. 120 at ¶¶ 22, 33, 38; Doc. 120-1 at 18 (Baker's admission in her deposition that she has

9

never asked Blue Valley to provide special education services to S.B. at his current private school). And there are no facts offered to support her claim. Speculation at the summary judgment stage will not do. *Lujan*, 504 U.S. at 567 (rejecting the plaintiff's alleged injury because it was "pure speculation"); *Schutz v. Thorne*, 415 F.3d 1128, 1135 (10th Cir. 2005) (finding that the plaintiff had no standing to challenge a statute when he had not yet been affected by the statute, and noting that "[s]tanding is not conferred by conjecture or speculation") (quotation marks omitted).

And for another, alleged futility cannot establish standing. *Contra* Doc. 127 at 31. As the Supreme Court long ago observed, futility is not enough to establish an imminent, concrete injury. *See Lujan*, 504 U.S. 564; *Baker v. USD 229 Blue Valley*, 979 F.3d 866, 875 (10th Cir. 2020) (rejecting the argument that it would be futile to make a request because the plaintiff believes she is "automatically disqualified").

And finally, it has been waived. Baker has not previously identified such a theory of standing and has not shown that it was viable since the outset of this suit. *See Carney v. Adams*, 592 U.S. 53, 59 (2020) (noting that the plaintiff "bears the burden of establishing standing as of the time he brought this lawsuit and maintaining it thereafter"); *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 286 n.57 (3d Cir. 2014) ("A plaintiff may not effectively amend its complaint by raising a new theory of standing in its response to a motion for summary judgment. Simply put, summary judgment is not a procedural second chance to flesh out inadequate pleadings.") (quotation marks omitted).

### III

For the foregoing reasons, Schmidt's Motion for Summary Judgment, Doc. 119, is GRANTED, and Baker's Motion for Summary Judgment, Doc. 121, is DENIED as moot.

It is so ordered.

Date: July 22, 2025         s/ Toby Crouse
                            Toby Crouse
                            United States District Judge